UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENT WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:22-CV-7356 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| CITIBANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Vincent Williams alleges that Citibank defamed him by accusing him of fraud and by sharing false information about him with others. He also claims that Citibank breached its contract with him by denying him access to his funds and digital access to his account. R. 28, Am. Compl. ¶ 1.[1] Williams seeks $750,000 in damages for the alleged defamation (Count 1) and contract breach (Count 2).

Citibank moves to dismiss Williams's complaint for failure to adequately state a claim. Fed. R. Civ. P. 12(b)(6); R. 30, Defs.' Mot. Dismiss at 1. For the reasons discussed in this Opinion, the motion to dismiss the claims is granted, though for now the dismissal is without prejudice to filing a second amended complaint.[2]

---

[1]Citations to the record are noted as "R." followed by the docket number.

[2]This Court has diversity jurisdiction over the case under 28 U.S.C. § 1332(a). Williams is a citizen of Illinois, Citibank is a Delaware corporation with its principal place of business in New York, and the amount in controversy exceeds $75,000.

1

## I. Background

For purposes of this motion, the Court accepts Williams's factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). And because Williams is *pro se*, the Court expansively interprets his complaint. On October 4, 2022, Vincent Williams deposited an $11,000 check, which was issued by Core Plastech International Inc., at Citibank's Calumet City branch. R. 28, Am. Compl. ¶ 1. Citibank failed to make all those funds available to Williams by October 8, 2022, as promised. *Id.* It then blocked his account access. *Id.* His account apparently still remains blocked, and Williams is unable to access any of his account information online or through Citibank's digital platform. *Id.* ¶ 3.

Williams alleges that Citibank's employees, some located in the Philippines, accused him of "engaging in fraud on about 15 separate occasions (involving the deposit)." *Id.* ¶ 2. Williams also states that Citibank and several of its employees "engaged in lengthy telephone conversations with Georgia Schultz, John Wierneck, and others where the bank gave knowingly false information to individuals about him and his dealings with Citibank." *Id.* (Georgia is apparently the name of a banking officer for Wintrust Bank. R. 15, Comp. ¶ 3.) So Williams filed this suit, claiming that Citibank defamed him and breached its contract with him. He seeks $750,000 in damages. Am. Compl. ¶ 4.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled

2

to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[3] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

### A. Defamation

To adequately state a claim for defamation, "a plaintiff must allege that the defendant made a false statement about the plaintiff, that the defendant made an

---

[3] This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

3

unprivileged publication of that statement to a third party, and that this publication caused damages." *Bd. Of Forensic Document Examiners, Inc. v. Am. Bar Ass'n*, 922 F.3d 827, 831 (7th Cir. 2019). A defamatory remark is "published" when it is communicated to someone other than the plaintiff. *Morris v. Harvey Cycle & Camper, Inc.*, 911 N.E.2d 1049, 1054 (Ill. App. Ct. 2009). But there can be no liability for statements that are substantially true. *Wynne v. Loyola Univ. of Chicago*, 741 N.E. 2d 669, 676 (Ill. App. Ct. 2000).

In Illinois, certain categories of statements are considered defamatory *per se*: "(1) words that impute a person has committed a crime; (2) words that impute a person is infected with a loathsome communicable disease; (3) words that impute a person is unable to perform or lacks integrity in performing her or his employment duties; (4) words that impute a person lacks ability or otherwise prejudices that person in his or her profession; and (5) words that impute a person has engaged in adultery or fornication." *Green v. Rogers*, 918 N.E.2d 450, 459 (Ill. App. Ct. 2009). Although a plaintiff alleging defamation must normally allege the defendant's statements caused him actual damages, he need not do so when the statements fall into one of these five *per se* categories. *Bryson v. News Am. Publ'ns, Inc.*, 672 N.E.2d 1207, 1214 (Ill. 1996). But a claim of defamation *per se* must be pleaded with a "heightened level of precision and particularity." *Coghlan v. Beck*, 984 N.E.2d 132, 139 (Ill. App. Ct. 2013).

The first element of a defamation claim is that the defendant made a false statement about the plaintiff. *Bd. Of Forensic Document Examiners, Inc.*, 922 F.3d at 831. Williams alleges that Citibank falsely accused him of engaging in fraud related

4

to the $11,000 check that he deposited. *Id.* This accusation falls under the first defamation *per se* category because it suggests that Williams committed a crime.

But Citibank argues that Williams did not allege the defamatory statements with enough specificity to properly state a claim. That argument fails. A complaint for defamation *per se* does not require the plaintiff to plead the exact words spoken. *Green*, 917 N.E.2d at 459. At this stage, Williams's complaint—which states that Citibank accused him of fraud on multiple occasions—contains enough factual content to satisfy the pleading standard. When a plaintiff brings a defamation *per se* claim in federal court, he is subject to the usual notice-pleading rules under Federal Rule of Civil Procedure 8. *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003). There is no heightened pleading standard for defamation. That said, it is true that, in order to evaluate the adequacy of a defamation claim, the complaint must set out when the statements were made, to whom, and the content (though not necessarily the exact words) of the alleged defamatory statement. *Moore v. People for the Ethical Treatment of Animals, Inc.*, 932 N.E.2d 448, 459 (Ill. App. Ct. 2010). Williams's complaint does all of this: he alleges that on October 7, 2022, Citibank's employees communicated both verbally and in writing that Williams had "engaged in fraudulent activity in relation to a transaction involving [his] regular checking account." Compl. ¶ 2. That adequately alleges the first element of a defamation claim.

The second element is whether the defendant made an unprivileged publication of the defamatory statement to a third party. *Bd. Of Forensic Document Examiners, Inc.*, 922 F.3d at 831. A defamatory remark is "published" when it is

5

communicated to someone other than the plaintiff. *Morris,* 911 N.E.2d at 1054. Williams alleges that Citibank and several of its employees called and "gave knowingly false information … about the Plaintiff and his dealings with Citibank" to various Wintrust Banking Officers. Am. Compl. ¶ 2. These phone calls were with Georgia Schultz, John Wierneck, and other unnamed individuals. *Id*. Given Williams's pro se status, the Court infers that these individuals are banking officers of Wintrust Bank based on the initial Complaint. Compl. ¶ 3. In his initial Complaint, Williams alleged that "a woman by the name of Georgia serves as a banking officer for Wintrust Bank." *Id*. Citibank argues that its employees did not make the alleged statements to Georgia at Wintrust Bank. At the pleading stage, however, the Court must take Williams's allegations as true.

But there is still a missing piece on the second element of a successful defamation claim. Williams also must properly allege that the same fraud accusations that Citibank conveyed to *him* were also communicated to *others*. He does not do so. Williams alleges only that the bank gave "knowingly false information" to the Wintrust Bank officers and does not specify that the false information was about the check-fraud accusations. Am. Compl. ¶ 2. It is true that he also alleges that Citibank accused him of engaging in fraud on about 15 separation occasions. *Id*. But Williams does not actually connect those accusations to an allegation of publication to other persons. So he has failed to adequately state the second defamation element. Had

6

Williams alleged that the "knowingly false information" were the accusations of check fraud, then he would have sufficiently pleaded this element.

The final element in a defamation claim is whether the publication caused damages. *Bd. Of Forensic Document Examiners, Inc.*, 922 F.3d at 831. But again, when the statements at issue are defamatory *per* se, the "harm is obvious and apparent on its face," so damages are presumed. *Pitale v. Holestine*, 2012 WL 638755, at *2 (N.D. Ill. Feb. 27, 2012). Citibank's alleged statements about the check fraud are straightforwardly defamation *per se*: it accused Williams of committing a crime (fraud). So Williams has adequately alleged the third element of defamation as well. Only the second element is missing, and Williams should be given a chance to replead the claim. All in all, reading the Complaint in the light most favorable to Williams, he has adequately stated the first and third defamation prongs, but not the second. To state the second prong, Williams must allege that Citibank's fraud accusations are what it conveyed and published to a third party.[4]

### B. Breach of Contract

A party seeking to advance a breach of contract claim must adequately allege "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff;

---

[4]One final point: in its briefing, Citibank gestures at a substantial truth defense. Truth indeed is a complete defense to defamation. And it requires simply establishing that the alleged defamatory statement is substantially true. *Ho v. Abbott Lab'ys*, 2013 WL 1338426, at *5 (N.D. Ill. March 31, 2013). But Citibank offers only a one-sentence argument, in which the bank argues that because Williams's account allegedly remains frozen, he may have actually committed fraud. R. 30, Defs.' Mot. Dismiss at 7. That inference is not appropriate at the pleading stage because it is Williams who is entitled to the benefit of reasonable inferences, not Citibank.

(3) breach by the defendant; and (4) resulting injury to the plaintiff." *Freedman v. Am. Guardian Holdings, Inc.*, 2021 WL 3487335, at *11 (N.D. Ill. Aug. 9, 2021).

Williams fails to sufficiently plead a breach of contract. He alleges that under the account "agreement," Citibank promised "to make all funds available to Plaintiff by October 8, 2022," but did not do so. Am. Compl. ¶ 1. Although he alleges that Citibank breached its written agreement with him, he fails to point to a provision of his account agreement that Citibank violated. Not much is needed to allege the claim, but some idea of what provision was breached is required. To adequately plead his contract breach, he must specify that provision and explain how Citibank breached it.

## IV. Conclusion

Citibank's motion to dismiss is granted, and the amended complaint is dismissed. Given that Williams does not have a lawyer, the dismissal is without prejudice. He may file a second amended complaint to fix the defects that this Opinion has identified, so long as he has a reasonable basis to do so. To avoid wheel spinning, the Court orders Citibank to provide a copy of the account agreement that governs Williams's account to him by October 10, 2024. The second amended complaint is due by October 24, 2024. If no second amended complaint is filed, then the dismissal will

automatically convert to a dismissal with prejudice and final judgment shall be entered.

ENTERED:

    s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 26, 2024

9